UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:21-cr-00067-FL

| UNITED STATES OF AMERICA | DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE |
|---|---|
| v. | |
| COREY DEVON JONES | |

The Defendant, Corey Devon Jones (Corey), by and through counsel, respectfully submits this sentencing memorandum in support of his request for a reasonable sentence. In consideration of his drug/alcohol dependence (USSG § 5H1.4) and his acceptance of responsibility, a sentence at the low end of the advisory Guideline range as to Counts 2 and 4 of the Indictment is sufficient but not greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a).

**FACTS RELEVANT TO SENTENCING**

Corey Jones was born on October 5, 1999 into a broken home. His parents separated before he was born. *See* Presentence Investigation Report ("PSR") at ¶ 35. In an attempt to maintain some normalcy, both parents reared him in separate homes. *Id*. Corey didn't have a lot when he grew up; his mother and father struggled financially. His parents, focusing on other matters, largely neglected him. He never felt "loved" and because he didn't have a "real home" he was constantly taunted, resulting in a feeling of

1

inadequacy. Although he always had a home and food to eat, his parents struggled to get him clothing, study aids and other items beyond basic shelter needs. *Id* at 35. Corey recalls several nights when the lights would not operate and the heat would not work. To help address his angst, Corey started drinking at an early age. *Id* at 39. This led to drug use at an early age. Even though he never saw drugs within his home, drugs did detrimentally affect his life. *Id*. Substance abuse was a key factor in his first conviction, his expulsion from school and the instant offense.

At the age of 18, Corey was released from serving 529 days in custody. PSR at ¶ 22. When he got out, his family had moved on; accordingly, Corey didn't have any support - other than his friend Derrick Dixon. Corey was sleeping in cars, sleeping in parks, and going from house to house until Derrick Dixon gave him a place to sleep. *Id*. Unfortunately, Derrick became Corey's main source of emotional support. Corey says that Derrick became the "brother he always wanted." Ultimately, it was his "brother" Derrick, who betrayed Corey's trust and devised the scheme that lands Corey before this court.

Corey has since made significant steps towards sobriety and is gaining the clarity in judgment that sobriety brings. Finally drug free, Corey is looking forward to gaining vocational training so he can run his own business. He has learned lessons from his past behavior and is ready to move forward and become the man his family deserves.

2

Understanding that he will be punished, he asks the Court to consider his drug history and impose an appropriate sentence at the low end of the guidelines.

## ARGUMENT

After considering the § 3553(a) factors, the court must make an "individualized assessment" to craft a sentence that is "sufficient, but not greater than necessary." *Gall v. United States*, 552 U.S. 38, 50 (2007); 18 U.S.C. § 3553(a). Applying the § 3553(a) factors to this case reveals that a sentence below the Guideline range is sufficient but not greater than necessary to accomplish the goals of sentencing. Accordingly, we respectfully request that this Court impose a sentence at the low end of the recommended Guideline range.

*A. Mr. Jones' drug dependency issues support a downward variance.*

As the presentence report confirms, Mr. Jones suffers from a severe addiction to narcotics. PSR ¶ 39. As described above, Mr. Jones has been attempting to self-medicate himself through the use of illegal drugs and alcohol, to deal with his feelings of inadequacy. Due to reasons that are difficult to control, Mr. Jones turned to illegal drugs for solace and companionship. Using drugs with others made him feel less isolated and lonely. The drugs also smoothed out his anxieties and eased his feelings of worthlessness and self-doubt.

Section 5H1.4 of the Guidelines provides that "Drug or alcohol dependence or abuse ordinarily is not a reason for a downward departure …[i]n certain cases a

downward departure may be appropriate to accomplish a specific treatment purpose." U.S.S.G. § 5H1.4 In this case, the need for continued treatment is clearly apparent, and the guidelines provide the ability to make decisions that will be best for the defendant's long-term needs. An unnecessarily long prison sentence will not address the concerns of Mr. Jones' return to society; treatment will address those concerns. As discussed above, his best chance for treatment is not within the BOP; accordingly, we ask the Court to consider a departure or variance.

> B. *Corey Jones' Acceptance of Responsibility and Cooperation Supports a Downward Variance.*

Mr. Jones' acceptance of responsibility is also a mitigating factor in this case that should be considered at his sentencing. At the outset, Mr. Jones provided a verbal statement accepting responsibility for his offense conduct. PSR ¶ 15. He also pled guilty early in this process. PSR ¶ 7. In doing so, Mr. Jones has saved both the government and this Court time and resources that would have been spent on a trial. His acceptance of responsibility provide additional reasons a variant sentence is necessary.

## CONCLUSION

For the reasons set forth above, Mr. Jones asks this Honorable Court to impose a sentence well below the advisory Guideline range.

4

Case 4:21-cr-00067-FL Document 98 Filed 12/28/22 Page 4 of 6

Respectfully requested this 28th day of December, 2022.

                G. ALAN DUBOIS
                Federal Public Defender

                /s/ Edward D. Gray
                EDWARD D. GRAY
                Assistant Federal Public Defender
                Attorney for Defendant
                Office of the Federal Public Defender
                150 Fayetteville Street, Suite 450
                Raleigh, North Carolina 27601
                Telephone: 919-856-4236
                Fax: 919-856-4477
                E-mail: Edward_gray@fd.org
                LR 57.1 Counsel
                Appointed

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Lori Warlick
Assistant United States Attorney
United States Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

by electronically filing the foregoing with the Clerk of Court on December 28, 2022, using the CM/ECF system which will send notification of such filing to the above.

This the 28th day of December, 2022.

/s/ *Edward D. Gray*
EDWARD D. GRAY
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Edward_gray@fd.org
LR 57.1 Counsel
Appointed